IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DATRIN TRAVIS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00145 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| SARAH-ANN WILLIAMS, et al., | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 55, "R&R") of the Magistrate Judge, which recommends that the Court grant the "motion to dismiss for failure to prosecute" filed by Defendant Robert Gibson at Docket No. 39 ("Motion"). (Doc. No. 55 at 1). More specifically, the R&R recommends that the Motion be granted and that this action, brought by *pro se* Plaintiff, Datrin Travis, be dismissed without prejudice under Rule 41(b) for failure to prosecute. (Doc. No. 55 at 7). No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety and includes it here for reference.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on December 26, 2025, and as of January 16, 2026, Plaintiff has not filed any objections.

> This pro se action brought by a former inmate of the Sumner County Jail in Gallatin, Tennessee asserts claims under 42 U. S. C. § 1983 for violations of Plaintiff's First, Eighth and Fourteenth Amendment rights and state law medical malpractice occurring while in the custody of the Davidson County Sherriff's Office Downtown Detention Center in Nashville, Tennessee. Docket No. 14. On initial review, the Court dismissed a number of Plaintiff's claims however, it allowed claims against several of the Defendants to proceed. Docket No. 20.
>
> On August 7, 2025, Defendant Robert Gipson filed a motion to dismiss for lack of prosecution. Docket No. 39. The motion asserts that the Plaintiff has failed to comply with the rules and orders of the Court regarding his address as evidenced by the return of multiple mailings from the Clerk of Court as undeliverable. *Id.* The Defendant asserts that the Plaintiff's failure to comply with the rules prevents the Parties from advancing the litigation and that the Plaintiff has otherwise failed to participate in this case.
>
> The Plaintiff failed to timely respond to the motion to dismiss and on September 12, 2025, the Court entered a show cause order requiring Plaintiff to respond September 26, 2025, as to why his claims should not be dismissed for failure to prosecute. The Clerk of Court mailed a copy of the order to the Plaintiff but it [ ] was returned as undeliverable on October 21, 2025. Docket No. 52. On October 15, 2025, the Plaintiff filed a notice updating his address with the Court. Docket No. 50. On October 31, 2025, the Court entered a second show cause order directing the Clerk of Court to send the Order to the Plaintiff's newly filed address and requiring the Plaintiff to respond to the show cause order no later than November 21, 2025. Docket No. 54. To date, the Plaintiff has failed to respond to the show cause order or the motion to dismiss.

(Doc. No. 55 at 1-2). The Magistrate Judge concluded that the Motion should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.[3]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

---

[3] The docket reflects that the Clerk's Office mailed the R&R to Plaintiff at the purported updated address that Plaintiff had provided in Docket No. 50, but that it was returned as "undeliverable" and "unable to forward." (Doc. No. 56). So if the reason why Plaintiff did not file objections to the R&R is that he never received a copy of the R&R, that appears to be a result of his failure to keep the Clerk's Office properly updated as to his address.

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 55) is adopted and approved. Accordingly, the Motion (Doc. No. 39) is **GRANTED**, and this action is dismissed without prejudice under Rule 41(b) for failure to prosecute.

The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE